## James Rogers, Appellee, v. William F. Weller, Appellant.

### Gen. No. 19,298. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ISAAC HUDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 15, 1914.

### Statement of the Case.

Action of debt by James Rogers against William F. Weller based upon section 2 of the Act of 1895 (Hurd's R. S., ch. 95, § 26, J. & A. ¶ 7602), for failure of a chattel mortgagee to furnish and deliver to the mortgagor a statement showing the items of property sold, expenses connected with the sale, etc. The jury returned a verdict finding the value of the property sold to be $1,950, and assessed plaintiff's damages at one-third thereof, or $650. To reverse a judgment entered on the verdict, defendant appeals.

COLE S. EVERETT, for appellant; EDWARD J. KELLEY, of counsel.

DAVID K. COCHRANE, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. PENALTIES, § 16*—*when verdict not a compromise verdict.* A verdict in an action for a penalty, *held* not a compromise verdict, where there was no evidence that it was the result of any agreement among the jurors to reach a verdict by compromise and the amount thereof is within the range of the testimony of the witnesses as to value and is supported by some of such testimony.

2. CHATTEL MORTGAGES, § 267*—*basis of value in determining penalty for failure of mortgagee to furnish mortgagor with statu-*

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

*tory statement.* In an action to recover a penalty under section 2 of the Act of 1895, J. & A. ¶ 7602, *held* that a verdict could not be complained of on the ground that the basis of value should have been the value of the property at the date of seizure instead of at the date of sale, where the property was sold five days after it was seized and it was shown to be in substantially the same condition at the time of sale as when it was seized, and there was no evidence of a change of value; but also *held* that the statute seems to require the value to be fixed as of the date of sale.

3. CHATTEL MORTGAGES, § 267*—*when evidence insufficient to establish delivery of statutory statement to mortgagor.* In an action of debt brought by a chattel mortgagor against the mortgagee to recover the penalty provided by section 2 of the Act of 1895, J. & A. ¶ 7602, for failure of the mortgagee to deliver a statement showing the items of property sold, etc., under a power of sale contained in the mortgage, an attempt on the part of defendant to show that such statement had in fact been "delivered by mail," *held* insufficient, where the witness testified he could not say when he mailed the letter nor to whom the letter was addressed, and it was admitted it was not mailed to plaintiff.

4. APPEAL AND ERROR, § 1241*—*when party cannot complain of language in instructions.* Appellant cannot complain of the language of instructions of his adversary where the instructions offered by himself contained the same language.